Estate of Annie Gibney, Deceased, Title Guarantee and Trust Company, Administrator v. Commissioner.
Estate of Annie Gibney v. Commissioner
Docket No. 6184.
United States Tax Court
1945 Tax Ct. Memo LEXIS 87; 4 T.C.M. (CCH) 878; T.C.M. (RIA) 45290; September 10, 1945
*87 Henry F. Matheis, Esq., Room 809, 176 Broadway, New York, N. Y., for the petitioner. Thomas R. Charshee, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion KERN, Judge: Respondent determined a deficiency in the income tax of the decedent for the period January 1, 1942, to May 26, 1942, in the sum of $145.77. That part of the deficiency is here in issue which arises by reason of respondent's disallowance of the sum of $754.51 as a capital net loss. The decedent had sold two pieces of improved real estate at a loss of $1,754.51, which loss was claimed in full as a deduction but which was allowed by respondent only in the amount of $1,000. [The Facts] The facts are found to be as stipulated. The stipulation, which is short, is set out verbatim as follows: "1. The petitioner is the administrator of the Estate of Annie Gibney, who died on May 26, 1942, at the age of 72, and who hereinafter is referred to as the decedent. "2. The income tax return of the decedent for the period January 1, 1942 to May 26, 1942 was duly filed with the Collector of Internal Revenue for the 1st District of New York. "3. The principal source of income of the *88 decedent was derived from mortgages on real estate. In order for decedent to protect her investments, it was necessary for her to take over certain of the properties, on which she held mortgages, through foreclosure proceedings. The foreclosed properties were immediately put up for sale and listed with the real estate agent, who operated and managed the properties for the decedent, pending their sale. "4. In the taxable period, decedent owned six pieces of real estate, which had been acquired through foreclosure proceedings, five of which were improved with dwellings and from which she derived rental income. The operation of said properties from which income was derived was conducted at a loss. One of said properties was acquired on November 22, 1941, and was sold on May 1, 1942. Another was acquired on March 25, 1936 and was sold on April 28, 1942. The sale of the two aforementioned properties resulted in a loss of $1,754.51, and in her income tax return for 1942, decedent claimed said loss as a deduction. A photostatic copy of decedent's income tax return for 1942 is attached hereto and marked exhibit '1-A'." This exhibit indicates that from one of the properties decedent received *89 $120 as rent. She expended on account thereof $6.00 for repairs, $6.00 for renting commissions, $10.50 for insurance, $63.34 for taxes and $5.05 for water. Her net receipts were $29.11 to which was added "Adjustments on Sale Cr." of $42.73, and from the result was deducted $37.00 depreciation leaving a net profit of $34.84. From the other property decedent received $315 as rent. She expended on account thereof $10.90 for repairs, $51.75 for renting commissions, $166.22 for taxes and $30 for water. Her net receipts were $56.13 to which was added "Adjustments on Sale Cr." of $89.72, and from the result was deducted depreciation in the sum of $56.66 leaving a net profit of $89.79. Petitioner contends that, since the decedent operated the real estate for profit and received rent therefrom, the real estate was used in the trade or business of the taxpayer and is not to be considered as "capital assets" pursuant to the provisions of section 117 (a) (1) of the Internal Revenue Code. Respondent contends that decedent was not engaged in a trade or business, pointing out that her principal source of income was from investments in mortgages, that the operation of the *90 real estate here in question which was acquired through foreclosure proceedings resulted in a loss and concludes that "since there was no deliberate investment in the property with a view of engaging upon a business and the houses were immediately put up for sale after foreclosure, it is submitted that such facts preclude the decedent from being considered as engaged in a trade or business." Ordinarily the operation of rental property constitutes a trade or business, and the property itself is not a capital asset. Fackler v. Commissioner, 133 Fed. (2d) 509. Respondent does not dispute this general rule but argues that the facts of the instant case make the general rule inapplicable. These facts, we gather from respondent's brief, are: (1) the acquisition of the property was involuntary, (2) the operation of the property was not intended to be of long duration, (3) only a small part of decedent's income was derived from the rental of real estate, and (4) the net result of the operation of the particular rental properties was a loss. Respondent cites no cases which would indicate an exception to the general rule on account of the existence of any of these facts, nor *91 have we found any. To the contrary, the fact upon which respondent seems to rely most heavily in establishing an exception to the general rule, i.e., the fact that the acquisition of the property was involuntary, has been held to be without significance. A. L. Carter Lumber Co. v. Commissioner, 143 Fed. (2d) 296. In our opinion the other facts pointed out by respondent are equally immaterial. We decide the issue presented in favor of petitioner. Decision will be entered under Rule 50.